UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **INVISIBLE FENCE, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CAUSE NO. 1:05-CV-361 |
| ) | |
| **PERIMETER TECHNOLOGIES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION AND ORDER

Contemporaneous with the entry of this Order, the Court is granting Defendant Perimeter Technologies, Inc.'s motion for summary judgment filed on October 4, 2006, regarding Plaintiff Invisible Fence, Inc.'s patent infringement claim. (Docket # 50.) The Court notes that the motion for summary judgment of patent invalidity (Docket # 62) is fully briefed and currently pending. However, in light of the Court's ruling on the patent infringement claim, it is questionable whether there remains a case or controversy such that the Court should rule on the claim of patent invalidity. *See, e.g.*, *Phonometrics., Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) ("[A] district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement."); *BMC Res., Inc. v. Paymentech*, L.P., No. 3-03-CV-1927-M, 2006 WL 306289, at *7 (N.D. Tex. Feb. 9, 2006) ("Now that the infringement question has been answered, no actual controversy remains between [the parties] and it is unnecessary to decide the issue of invalidity."); *Talbert Fuel Sys. Patents Co. v. Unocal Corp.*, No. CV 98-0412 CBM, 1999 WL 33722397, at *2 (C.D. Cal. Oct. 27, 1999) ("[T]he residual possibility of a future infringement suit based on [the declaratory plaintiff's] future acts

is simply too speculative a basis for jurisdiction over [its] counterclaim for declaratory judgments of invalidity." (quoting *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir.1995))).

 Consequently, the parties are to confer regarding whether it is necessary for the Court to rule on the question of invalidity because either: 1) the case has settled, or 2) the parties agree that there is no case or controversy remaining. The parties are to report to the Court by March 8, 2007, whether the case has settled; and if not, whether there is a contention that a case or controversy remains such that the Court has a duty to proclaim the patent either valid or invalid. *See Messerschmidt v. United States*, 29 Fed. Cl. 1, 17 (Fed. Cl. 1993) ("While the better practice is to treat both the validity and infringement issues, particularly in view of the public interest in the validity issue, it is not always necessary to do so." (internal citations omitted)).

 If the parties report that there remains a case or controversy, they are to file separate briefs either in support or in opposition to this contention by March, 15, 2007. If briefs are filed, the Court will proceed to determine whether it is proper to address the issue of invalidity.

 SO ORDERED.

 Enter for March 2, 2007

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
