UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **INVISIBLE FENCE, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **CAUSE NO. 1:05-CV-361** |
| | ) |
| **PERIMETER TECHNOLOGIES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

On March 2, 2007, this Court entered an Order granting Defendant Perimeter Technologies, Inc.'s motion for summary judgment on Plaintiff Invisible Fence, Inc.'s claim of patent infringement. (Docket # 73.) Contemporaneous with that Order, the Court ordered the parties to confer and to report to the Court regarding whether it is necessary to rule on the question of patent invalidity[1] because either: 1) the case has settled, or 2) the parties agree that no case or controversy remains.[2] (Docket # 72.) If the parties believed that a case or controversy remained, they were to file separate briefs in support or in opposition by March 15, 2007.

On March 8, 2007, the parties reported that the case had not settled. (Docket # 74.)

---

[1] Perimeter filed a motion for summary judgment of patent invalidity (Docket # 62), which is fully briefed.

[2] In its Order, the Court specifically questioned whether, in light of its ruling on the patent infringement claim, there remains a case or controversy such that it should rule on the claim of invalidity. *See, e.g.*, *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998) ("[A] district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement."); *BMC Res., Inc. v. Paymentech, L.P.*, No. 3-03-CV-1927-M, 2006 WL 306289, at *7 (N.D. Tex. Feb. 9, 2006) ("Now that the infringement question has been answered, no actual controversy remains between [the parties] and it is unnecessary to decide the issue of invalidity."); *Talbert Fuel Sys. Patents Co. v. Unocal Corp.*, No. CV 98-0412 CBM, 1999 WL 33722397, at *2 (C.D. Cal. Oct. 27, 1999) ("[T]he residual possibility of a future infringement suit based on [the declaratory plaintiff's] future acts is simply too speculative a basis for jurisdiction over [its] counterclaim for declaratory judgments of invalidity." (quoting *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059-60 (Fed. Cir.1995))); *but see Messerschmidt v. United States*, 29 Fed. Cl. 1, 17 (Fed. Cl. 1993) ("While the better practice is to treat both the validity and infringement issues, particularly in view of the public interest in the validity issue, it is not always necessary to do so." (internal citations omitted)).

However, neither party subsequently submitted a brief suggesting that a case or controversy remains; indeed, having now ruled that there was no infringement of Invisible Fence's patent as a matter of law, there is no case or controversy between the parties (the explanation for their silence on the point), and therefore, it is unnecessary to decide the issue of patent invalidity. *See, e.g.*, *Phonometrics, Inc.*, 133 F.3d at 1468; *BMC Res., Inc.*, 2006 WL 306289, at *7; *Talbert Fuel Sys. Patents Co.*, 1999 WL 33722397, at *2.

Accordingly, Perimeter's motion for summary judgment on the issue of patent invalidity (Docket # 62) is DENIED AS MOOT.[3] The Court directs the Clerk to enter a final judgment on the issues of patent infringement (Docket # 43, 73) and trade dress infringement. (Docket # 68.)

SO ORDERED.

Enter for March 26, 2007.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge

---

[3] Of course, Perimeter is not prejudiced from raising the issue of invalidity again in any other proceedings that may arise.